UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAQUILLE GRAY                                              CIVIL ACTION

VERSUS                                                      NUMBER: 15-5531

MARLIN N. GUSMAN, ET AL.                                    SECTION: "C"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Shaquille Gray, against Defendants, Sheriff Marlin N. Gusman and Deputies Holmes, Williams, and Sullivan of the Orleans Parish Prison ("OPP"). (Rec. doc. 3, pp. 1, 4).

Plaintiff is an inmate of the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, who was previously confined at OPP. As his statement of claim herein, Plaintiff alleges only as follows:

> Plaintiff has suffered from chest pain, soar (sic) throat and headaches. Defendant(s) failed to help pass out cleaning supplies and medical attention.

(Rec. doc. 3, p. 5).

Plaintiff seeks an unspecified amount of monetary damages and unidentified injunctive relief. (Rec. doc. 3, p. 5).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the

recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity in which the named Defendants are being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "… must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendants in their official capacity fail to state a claim upon which relief can be granted as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against the named Defendants in their individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires

2

more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like the Sheriff ". . . cannot be held liable for federal civil rights violations allegedly committed by his subordinates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Sheriff and three of his deputies as the Defendants in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding their involvement in the matters of which he complains. That being the case, there is no basis upon which to hold the Defendants individually liable here.

Even if Plaintiff <u>had</u> sufficiently pled a conditions-of-confinement claim against the named Defendants in their individual capacity, he would fare no better. The Constitution does not require that inmates be housed in comfortable prisons, only that they be afforded humane conditions of confinement and reasonably adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). In order to establish a constitutional violation as a result of inadequate conditions of confinement, an inmate must demonstrate, first, that he was deprived of the minimal civilized measure of life's necessities or some basic human need

and, second, that prison officials acted out of deliberate indifference to the inmate's health or safety. *Id. See also Taylor v. Woods*, 211 Fed.Appx. 240, 241 (5th Cir. 2006); *Pittman v. Allison*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. July 9, 2010). "Deliberate indifference is established by showing that the defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'" *Herman*, 238 F.3d at 664 (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)). "'Deliberate indifference' is a stringent standard of fault, one which requires proof that a municipal actor disregarded a known or obvious consequence of his action." *Ford v. Gusman*, No. 11-CV-2950, 2012 WL 2567063 at *8 (E.D. La. May 11, 2012), *adopted*, 2012 WL 2567034 (E.D. La. July 2, 2012)(citing *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391 (1997)). It has been equated with a "subjective recklessness" as that term is used in criminal law. *Norton v. Dimazana*, 122 F.3d 286 291 (5th Cir. 1997).

      The allegations made by Plaintiff fall far short of establishing the objective and subjective components of deliberate indifference that are needed to prevail on a conditions-of-confinement claim. From an objective standpoint, "[a]dmittedly, there is a point beyond which a prison's conditions are so unsatisfactory as to render them unconstitutional." *Hawkins v. Gusman*, No. 10-CV-1178, 2011 WL 1527218 at *3 (E.D. La. Apr. 1, 2011), *adopted*, 2011 WL 1527021 (E.D. La. Apr. 20, 2011)(citing *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004)(confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional)). The conditions alleged by Plaintiff, while less than optimal, do not rise to

that level.  *Wilson v. Lynaugh*, 878 F.2d 846, 849 n. 5 (5th Cir. 1989).  *See also Marshall v. Allison*, No. 08-CV-1387, 2011 WL 601178 at *4 (S.D. Miss. Feb. 11, 2011)(quoting *Herman*, 238 F.3d at 664)(drinking water that appeared to be unclean, lack of cleaning supplies on weekends, mold on walls and in showers, dusty air vents, and inadequate personal hygiene items do not result in denial of "minimal civilized measure of life's necessities"); *Maddox v. Gusman*, No. 14-CV-2435, 2015 WL 1274081 at *3-4 (E.D. La. March 19, 2015)(presence of mildew and pests such as gnats not a constitutional violation).

Turning to the subjective component of deliberate indifference, Plaintiff does not specifically allege that the Defendants were even aware of the conditions of which he complains, much less that they actually drew the inference that an excessive risk to his health or safety existed.  As noted earlier, personal involvement is an essential element of a §1983 cause of action, *Thompson*, 709 F.2d at 382, and supervisory officials like the Sheriff cannot be held liable on a theory of strict or vicarious liability.  *Carter*, 2009 WL 3231826 at *1.  Moreover, as Plaintiff does not allege that he required medical attention for the physical conditions of which he complains or that those conditions persisted for any significant period of time, he appears at worst to have suffered only *de minimis* injuries that are insufficient to justify an award of compensatory damages under 42 U.S.C. §1997e(e).  *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 631 (5th Cir. 2003)(vomiting and nausea caused by raw sewerage on floor of cell were *de minimis*); *Abney v. Valdez*, No. 05-CV-1645, 2005 WL 3147863 at *2 (N.D. Tex. Oct. 27, 2005)(daily migraines, frequent urination, and itchy, watery eyes were *de minimis*).  Plaintiff's transfer from OPP to LSP has also rendered moot his request for unidentified injunctive relief.  *Burge v. Dunn*, 68 F.3d 465 (5th Cir. 1995)(citing *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990)).  For all these reasons, it

will be recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this __4th__ day of _____December_____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.